WALTON, executor, *v.* GAIRDNER *et al.*

WEED *et al. v.* GAIRDNER *et al.*

1. An executor who under authority given him in the will discharges a general legacy by the delivery of stocks or bonds is not entitled to commissions under section 3484 of the Civil Code, which provides that an executor shall have a commission "on all sums of money received by him on account of the estate," and "on all sums paid out by him, either to debts, legacies, or distributees."
2. The turning over by an executor of stocks and bonds in discharge of a general legacy is not a "delivering over of property in kind," within the meaning of section 3487 of the Civil Code, which authorizes the ordinary to allow compensation for the latter service.
3. Whether such a delivery of stocks and bonds by an executor is an "extraordinary service," for which the ordinary may allow compensation under the provisions of section 3489 of the Civil Code, is not now decided.

Argued June 21,— Decided July 12, 1900.

Petition for direction. Before Judge Brinson. Richmond superior court. October term, 1899.

The will of Margaret W. Gould, after bequeathing various pecuniary legacies, empowered the executors to sell any part of her estate not specifically bequeathed, and provided that "they may . . pay general legacies in money, or in stocks or bonds, as cash, at their fair market value." The executors having discharged some of these legacies by turning over stocks and bonds to the legatees, the sole surviving executor filed a petition for

direction as to whether the executors were entitled to have, as compensation for this service, a commission equal to that allowed where cash is taken in and paid out, or whether the turning over of the stocks and bonds should be treated as a mere "delivering over of property in kind," within the meaning of the Civil Code, § 3487. The court held that this section applied, and that the executors, therefore, were not entitled to the commissions allowed where legacies are paid in cash. This ruling was assigned as error.

*Hamilton Phinizy* and *J. T. Olive*, for plaintiffs.
*Joseph B. & Bryan Cumming*, for defendants.

COBB, J. 1. When a will containing a large number of general legacies provides that the executors may "pay general legacies in money, or in stocks or bonds, as cash, at their fair market value," what compensation is allowed by law to the executors when they elect to pay general legacies in stocks or bonds? "At common law the rule is well settled, both in the courts of equity and in the courts of law, that an executor or an administrator is not entitled to any compensation for his personal trouble and loss of time in the performance of his duties." 11 Am. & Eng. Enc. L. (2d ed.) 1277; Schouler's Ex. & Ad. § 545. The reason given for this rule is that in England the executor or administrator was entitled to the residue of the estate, and was in this way supposed to be compensated for the time and labor of administration. Crosswell, Ex. & Ad. § 545. The right of the executor to be compensated for his "personal trouble and loss of time" in attending to the business of the estate represented by him is therefore to be determined by reference to the statutes of this State. He is entitled to compensation only to the extent that there are statutes in existence providing for such compensation. By section 3484 of the Civil Code it is provided that an executor or administrator "shall have a commission of two and one half per cent. on all sums of money received by him on account of the estate (except money loaned by him and repaid to him), and a like commission on all sums paid out by him, either to debts, legacies, or distributees." This provision, as well as all provisions providing for compensation of executors or administrators, being in deroga-

tion of the common law, must be construed strictly; and therefore "stocks or bonds" which were in the possession of the testator at the time of his death and thus came into possession of his executor are in no sense "sums of money received by him on account of the estate;" and such stocks or bonds when delivered to a legatee under the will in discharge of a general legacy are not "sums paid out by him."

2. While the code declares that no commission shall be paid to any administrator or executor "for delivering over of any property in kind," it provides that the ordinary may allow reasonable compensation for such services, not exceeding three per cent. on the appraised value. Civil Code, § 3487. The turning over by an executor of stocks or bonds in discharge of a general legacy is not a delivering over of property in kind within the meaning of that provision of the law. Property of an estate, both personalty and realty, may be, under certain conditions, divided in kind between those entitled to it. Civil Code, § 3479 et seq. When the property of an estate is so divided in kind, the value of each portion is appraised by persons appointed for that purpose, and the "appraised value" referred to in the section providing for compensation for delivering over of property in kind relates to such appraisement. Possibly a delivery by an executor of a specific legacy, either of personal property or of real estate, might be a delivery in kind within the meaning of this section, but it is not necessary in the present case to determine this question. The delivery by an executor of stocks or bonds in discharge of a general legacy is not a delivery in kind within the meaning of the law declaring that the ordinary may allow reasonable compensation for that service.

3. Section 3489 of the Civil Code provides that, "In other cases of extraordinary services, extra compensation may be allowed by the ordinary." Whether the service for which in the present case the executors seek compensation is an "extraordinary" service, and whether the compensation provided for in the section just quoted is extra in the sense of being in addition to compensation for a service already provided for by law, or whether it is extra in the sense of being compensation for some service for which no compensation is provided, we will

not now undertake to decide. If the executors in the present case are entitled to compensation at all, it is under the provision of the section last referred to. The executors asked for commissions; the judge held that they were not entitled to commissions, but that they could apply to the ordinary for compensation for delivering property in kind. So far as the judge held that the executors were not entitled to commissions, his decision was correct; but his ruling that the payment by the executors of general legacies in stocks or bonds was a delivering over of property in kind within the meaning of section 3487 of the Civil Code was, we think, erroneous, and to this extent his judgment is reversed.

*Judgment affirmed in part, and in part reversed. All concurring.*